**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2012

No. 11-50419

Lyle W. Cayce
Clerk

RAY SANCHEZ, III,

Plaintiff-Appellant

v.

COUNTY OF EL PASO, TEXAS; JO ANNE BERNAL; ARNE
SCHONBERGER; KEN GOOD; KENT, GOOD, ANDERSON & BUSH, P.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CV-380

Before DAVIS, OWEN, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

A bail bondsman brought suit alleging violations of his constitutional right to pursue the occupation of his choosing, deprivation of property without due process, denial of the equal protection of the law, and the infliction of certain state torts. The defendants moved to dismiss, arguing that the bondsman failed to state a claim upon which relief could be granted. Construing some defendants to be moving pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50419

others to be acting under Rule 12(c), the district court granted the motions. We AFFIRM.

## FACTS

Ray Sanchez, a bail bondsman in El Paso, Texas, operates Ray Sanchez III Bail Bonds.[1]  Like other bail bondsmen, Sanchez is required to be licensed by the county.  At the time of the events that led to this suit, Sanchez was provided a license through American Surety Company.

On May 27, 2008, the El Paso Bail Bond Board renewed a license applied for by American Surety for Sanchez's business.  After this renewal, an assistant county attorney for El Paso, Arne Schonberger, expressed his displeasure about the renewal to a private attorney, Ken Good.  Schonberger, along with his office, opposed the renewal of the license because Sanchez owed approximately $105,000 in fines to the county related to the operation of his business.  Schonberger asked whether the County Attorney could sue the Board.  He was advised the office could not because it would be required to defend the Board in that proceeding.  Good, however, had no conflict of interest that would prevent him from bringing the suit, and he agreed to do so.  A lawsuit was filed.

Faced with this litigation, the Board rescinded its renewal. On August 19, 2008, the Board informed American Surety that its license would be revoked if the fines were not paid.  American Surety agreed to forfeit the license.  On September 18, 2008, the license was surrendered.  Without the license, Sanchez was not authorized to write bonds.

Sanchez filed a lawsuit on September 17, 2010, in the state district court of El Paso County, Texas.  He asserted numerous claims under 42 U.S.C. §§ 1983, 1985, and 1986 against the county of El Paso, the County Attorney in her

---

[1] Because we are reviewing the district court's decision to dismiss under Rule 12(b)(6) and 12(c), the facts are drawn from those alleged by Sanchez in his complaint. *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

No. 11-50419

official capacity, Schonberger in his individual and official capacity, Good, and Good's law firm. Sanchez alleged his rights were violated when he was fined and then again by the acts which led American Surety to surrender the license. He also asserted state law claims of conspiracy and conversion. The defendants removed the case to the United States District Court for the Western District of Texas, then filed motions to dismiss for failure to state a claim. In his response to these motions, Sanchez abandoned his equal protection claim. The district court dismissed the remaining claims.

Sanchez filed a timely notice of appeal of the district court's decision to dismiss his Section 1983 and state-law claims. He has not argued that the dismissal of his Section 1985 and 1986 claims was improper.

## DISCUSSION

We review a district court's dismissal for failure to state a claim *de novo*. *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 764 (5th Cir. 2011). During our review, "we must accept the allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Id.* (quotation marks and citation omitted). Although motions to dismiss are "viewed with disfavor and [are] rarely granted," a suit must be dismissed "if the complaint fails to plead enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quotation marks and citation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted).

Sanchez's challenge to the fines is that they were illegal, which by itself is a legal conclusion. Legal conclusions are not enough to state a claim. *Id.* While Sanchez hints that a Texas court decision supports his conclusion, he

3

provides no citation to such a decision. His allegations are merely "naked assertions devoid of further factual enhancement." *Id.* These same inadequacies infect his related state law claims of conversion and conspiracy. All these claims were properly dismissed.

Sanchez criticized the events that led to American Surety's surrendering its license. The complaint shows that American Surety had the license. Even when viewing the facts in the light most favorable to Sanchez, his allegations do not establish that he had an interest in American Surety's license. Without alleging a property interest of his own that could be impaired, Sanchez's complaint fails to state a denial of a property right under federal law or a conspiracy claim under state law. *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 274 (5th Cir. 2000); *see Thompson v. Deloitte & Touche, L.L.P.*, 902 S.W.2d 13, 19 (Tex. App.—Houston [1st Dist.] 1995, no writ).[2]

Sanchez also argues that his liberty interest in being a bondsman was infringed. A person "has a constitutionally protected liberty interest in pursuing a chosen occupation." *Stidham v. Tex. Comm'n on Private Sec.*, 418 F.3d 486, 491 (5th Cir. 2005). There is not, though, a corresponding right to work for a specific company in that field. *See Draghi v. Cnty. of Cook*, 184 F.3d 689, 693 (7th Cir. 1999); *Phillips v. Vandygriff*, 711 F.2d 1217, 1221-22 (5th Cir. 1983). To state a claim, therefore, a person must allege that he was effectively prevented from practicing the profession. *See Martin v. Mem'l Hosp. at Gulfport*, 130 F.3d 1143, 1148-49 (5th Cir. 1997). There are no allegations within the complaint that any of the defendants have done anything of that nature. Accordingly, Sanchez has not stated a plausible claim of the denial of a constitutionally protected liberty interest. AFFIRMED.

---

[2] It is unnecessary to address Sanchez's allegation that American Surety was coerced into surrendering its license. Such a claim would belong to American Surety.